UNITED STATES, Appellee

v

GLENN M. REGAN, Private E-1,
U. S. Army, Appellant

10 USCMA 323, 27 CMR 397

No. 12,185

Decided April 3, 1959

*First Lieutenant Thomas F. Shea* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Ralph Herrod.*

*First Lieutenant Avram G. Hammer* argued the cause for Appellee, United States. With him on the brief were *Major Thomas J. Nichols* and *First Lieutenant Peter V. Filpi.*

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused was convicted by general court-martial of assault with a knife, thereby intentionally inflicting grievous bodily harm, in violation of Article 128, Uniform Code of Military Justice, 10 USC § 928. We are now presented with the question whether the law officer erred to the substantial prejudice of the accused in failing to instruct upon the lesser included offense of assault with a dangerous weapon.

To place the issue in perspective, a brief recitation of the events surrounding the assault is appropriate. The accused, the victim and the other men present during the assault were all prisoners in the post stockade, Fort Leonard Wood, Missouri. On the morning of December 13, 1957, the victim, who had been detailed to a clean-up duty, was rinsing out a trash can in the boiler room of his barracks when the accused entered in the company of one Private Jones. Shortly thereafter, two other soldiers entered the room and observed the accused with a switchblade knife in his hand holding the victim against a hot water boiler. According to the testimony of

the victim, the accused was at that time "acting kind of strange," "laughing and crying at the same time." The two soldiers were instructed by the accused to leave the room, and when they refused he told his companion, Jones, who also had a knife, to "cover" them. The accused then notified the victim that if he did not take his hands out of his pockets, the accused would stab him. Immediately thereafter, he grabbed the victim by the collar with his left hand and stabbed him in the abdomen with the knife in his right hand. The victim was unarmed and, according to the testimony of several witnesses, had done nothing to provoke the attack.

Under this posture of the record, the instruction was not required on assault with a dangerous weapon unless the evidence raised an issue concerning mental impairment of the accused sufficient to preclude his formation of the specific intent to inflict grievous injuries, a requisite to the offense charged. See United States v Dunnahoe, 6 USCMA 745, 21 CMR 67. During trial a qualified psychiatrist testified he had conducted a psychiatric evaluation of the accused and found

324

him so far free from mental deficiency, disease, or defect as to be able to distinguish right from wrong, that there was no indication of such disease, and that accused could adhere to the right. Furthermore, he stated the accused was suffering from a personality disorder and anti-social tendencies which were manifested in violent anger and repeated delinquencies. A reading of this testimony together with the complete evidence of other witnesses convinces us that an issue of mental incapacity was not reasonably raised. Appellate defense counsel rely primarily upon the testimony of several eyewitnesses who commented on accused's agitated and unusual demeanor at the time of the offense. Suffice it to say that accepting these recitals at face value, we find no reasonable indication of mental impairment. Accused's statements immediately prior to the act evidenced his awareness of those about him, their possible intent to interfere with his plans, and his fixed purpose to seriously wound the victim. Moreover, his behavior was not, under the circumstances, uncharacteristic of a bad tempered youth who is actuated by anger. Stoic placidity is rarely the hallmark of a violent assault by a nineteen-year-old boy.

In our view the aforementioned instruction was thus unnecessary, for we have consistently adhered to the rule that a law officer is not required to instruct on an included offense unless it is reasonably raised by the evidence. United States v Clark, 1 USCMA 201, 2 CMR 107; United States v Simmons, 1 USCMA 691, 5 CMR 119; and more recently United States v Hamilton, 10 USCMA 130, 27 CMR 204, wherein Judge Ferguson, writing for a unanimous Court, stated:

"In the instant case, as noted, that issue is not presented. The circumstances herein do not reasonably raise assault and battery as an alternative and no instruction thereon was required."

All that the evidence displays here is an anti-social youth who is disposed to use cutting instruments on those individuals with whom he has real or imaginary trouble. But in spite of the absence of evidence of any mental disorder, the law officer submitted to the court-martial the questions of mental responsibility for the offense and mental capacity to form the specific 'intent. While he did not specifically enumerate assault with a dangerous weapon as a lesser included offense, his instructions were more than adequate to cover all issues reasonably raised by the record.

The decision of the board of review is affirmed.

Chief Judge QUINN concurs.

FERGUSON, Judge (dissenting):

I dissent. The evidence of the assault and the fact that grievous bodily harm was inflicted are abundantly clear from the record. There was testimony in the case showing the assault was with a knife. The principal defense theory was that accused was not mentally responsible for his acts. Thus, in the context of this case, assault with a dangerous weapon was clearly raised as an alternative if an issue of accused's mental capacity to have intended the grievous bodily harm was properly raised.[1] That issue is raised only by evidence showing *"lack of capacity to intend,* as distinguished from *an impaired ability to intend."* See United States v Storey, 9 USCMA 162, 25 CMR 424.

Here, although the only expert psychiatric testimony was to the effect that there was no indication of any mental deficiency or illness of the accused but that he suffered from a personality disorder, there is present the testimony of lay witnesses sufficient to raise the issue. Cf. United States v Biesak, 3 USCMA 714, 14 CMR 132; United States v Looff, 4 USCMA 36, 15 CMR 36; Annotation, 72 ALR 579.

---

[1] In this connection, this Court is not bound by the fact that the law officer instructed thereon but will consider the matter anew. However, the law officer's determination "should not lightly be disregarded." Cf. United States v Spivey, 8 USCMA 712, 25 CMR 216.

Eyewitnesses to the offense testified that at the time thereof the accused was "acting kind of strange," "kind of laughing and crying at the same time," "kind of shaky," and "disturbed." One of these eyewitnesses, Private Jones, was asked by the prosecution on re-cross-examination:

"Q Ever since you have known Regan was he completely—did you think he was completely without his mental faculties at that time, didn't know who he cut, what he did?"

Jones replied:

"A I may be—I am not a psychiatrist or something, but I would say 'yes' he was."

Thus, we have at least one witness expressing the view that the accused was completely without his mental faculties at the time of the offense. This is sufficient to raise not only an issue of accused's mental responsibility but also his total lack of capacity to form the specific intent to inflict grievous bodily harm. The weight to be given his testimony is another matter and one properly to be determined by the triers of fact. In determining the necessity for an instruction on the lesser offense, this Court is not concerned with whether the evidence is sufficient to support the findings but is only concerned with the much narrower question whether there is sufficient evidence to require the law officer to submit the lesser offense to the court-martial for its consideration. United States v Rodgers, 8 USCMA 664, 25 CMR 168. Inasmuch as the accused's total lack of capacity to form the requisite specific intent was in issue, the court-martial should have been instructed on assault with a dangerous weapon as an alternative to the offense charged.